Qin Li (SBN 349218)
liqin@concordsage.com
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
Facsimile: (858) 437-9891

Attorneys for Plaintiff
Tikbooks Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIKBOOKS INC.,<br>Plaintiff,<br><br>v.<br><br>YZARIA LIMITED d/b/a Quiet Word Studio,<br>Defendant. | Case No. 2:26-cv-10209<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**17 U.S.C. §§ 106 AND 501**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TIKBOOKS INC. ("Tikbooks" or "Plaintiff"), by and through its undersigned counsel, brings this Complaint against Defendant YZARIA LIMITED d/b/a Quiet Word Studio ("Defendant"), and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for copyright infringement arising from Defendant's unauthorized copying, reproduction, public display, distribution, advertising, offer for sale, and sale of a book that reproduces protected textual and visual expression from

Plaintiff's copyrighted work.

2. Plaintiff is the owner of the copyright in the children's educational work entitled 100000 Whys: Building the Ultimate Brain for Kids (the "Copyrighted Work"), including the copyright in the textual content registered with the United States Copyright Office under Registration No. TX0009604619 and the copyright in the two-dimensional artwork registered under Registration No. VA0002490624.

3. The Copyrighted Work was created in 2025 and first published in the United States on August 1, 2025. It contains original textual content and original two-dimensional artwork created for and owned by Plaintiff.

4. Defendant YZARIA LIMITED ("Defendant") operates and controls a U.S.-facing online storefront known as "Quiet Word Studio" through TikTok Shop, through which Defendant markets and sells books to consumers in the United States.

5. Through the Quiet Word Studio storefront, Defendant has advertised, offered for sale, sold, and distributed a book entitled 100000 Whys (the "Accused Work").

6. Although the Accused Work uses a different exterior cover design from Plaintiff's Copyrighted Work, its interior content reproduces substantial protected expression from Plaintiff's Copyrighted Work, including Plaintiff's textual content, original illustrations and character artwork, and the coordination and arrangement of those textual and visual elements within corresponding interior pages.

7. Defendant did not merely use the same general educational subject matter or concept as Plaintiff. Rather, the Accused Work reproduces the particular textual and

visual expression embodied in Plaintiff's Copyrighted Work while principally altering the exterior cover design.

8. Defendant has commercially exploited the Accused Work through the Quiet Word Studio TikTok Shop storefront and has caused copies of the Accused Work to be sold and shipped to consumers in the United States, including within this District.

9. Plaintiff therefore brings this action to stop Defendant's continuing infringement and to recover relief available under the Copyright Act.

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

11. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed commercial activities toward the United States and California, including by operating a U.S.-facing interactive TikTok Shop storefront through which California consumers can purchase the Accused Work.

12. Defendant has purposefully availed itself of the privilege of conducting commercial transactions in California by advertising and offering the Accused Work for sale to California consumers, accepting orders for the Accused Work destined for California, receiving payment for such orders, and causing copies of the Accused Work to be shipped into California.

13. Plaintiff documented Defendant's California-directed commercial activity

through a test purchase of the Accused Work from the Quiet Word Studio storefront. Defendant accepted the order and caused the Accused Work to be shipped to Ontario, California, within this District.

14. Plaintiff's claims arise out of and relate directly to Defendant's commercialization and distribution of the Accused Work, including its sale and shipment of the Accused Work into this District.

15. The exercise of personal jurisdiction over Defendant therefore comports with due process.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because Defendant may be found in this District for purposes of Plaintiff's copyright claims and has directed the infringing commercial activity giving rise to this action into this District.

17. Defendant is, upon information and belief, an entity organized under the laws of Hong Kong and is not a resident of the United States. Accordingly, Defendant may also be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## III. THE PARTIES

18. Plaintiff Tikbooks Inc. is a corporation organized and existing under the laws of the State of Georgia, with an address at 565 Washington Way, Cumming, Georgia 30040.

19. Tikbooks creates, publishes, markets, and sells educational books and related

content for children.

20. Defendant YZARIA LIMITED ("YZARIA") is, upon information and belief, a business entity organized and existing under the laws of Hong Kong and does business through the TikTok Shop storefront "Quiet Word Studio."

21. Upon information and belief, YZARIA LIMITED maintains a business address at UNIT 2508A, 25/F, BANK OF AMERICA TOWER, 12 HARCOURT ROAD, CENTRAL, Hong Kong, China.

22. Upon information and belief, YZARIA owns, operates, controls, and conducts business through the TikTok Shop storefront known as "Quiet Word Studio", Store ID 7494177022456988685 (the "Quiet Word Studio Store").

23. The Quiet Word Studio Store is used to advertise, offer for sale, sell, and distribute books, including the Accused Work, to consumers in the United States.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff and the Copyrighted Work

24. Tikbooks develops, publishes, markets, and sells educational works for children, including works incorporating original textual and visual content.

25. Among Plaintiff's original works is the children's educational work entitled 100000 Whys: Building the Ultimate Brain for Kids.

26. The Copyrighted Work was created in 2025 and was first published in the United States on August 1, 2025.

27. Plaintiff owns a copyright registration covering the textual content of the

Copyrighted Work, registered with the United States Copyright Office on December 26, 2025, under Registration No. TX0009604619.

28. The registration identifies the nature of authorship as "text."

29. Plaintiff also owns a copyright registration covering the visual material embodied in the Copyrighted Work, registered with the United States Copyright Office on December 26, 2025, under Registration No. VA0002490624.

30. The registration identifies the nature of authorship as "2-D artwork."

31. The Copyright Office registration records identify Tikbooks Inc. as the copyright claimant for both registrations.

32. True and correct copies of the Copyright Office registration records for the Copyrighted Work are attached hereto as Exhibits A and B.

33. The Copyrighted Work contains original educational text accompanied by original two-dimensional artwork and illustrations throughout its interior pages.

34. The textual expression embodied in the Copyrighted Work includes, among other things, the particular written passages, dialogue, and other written content presented throughout the work.

35. The visual expression embodied in the Copyrighted Work includes, among other things, original illustrated characters, animals, objects, decorative elements, and other graphic artwork appearing throughout the interior pages. These textual and visual elements are presented together in illustrated page compositions in which written content and original artwork are arranged and coordinated to form the interior

pages of the Copyrighted Work.

**B. Defendant's Accused Work**

36. Defendant advertises and sells through the Quiet Word Studio Store a children's educational book marketed under the title 100000 Whys (the "Accused Work").

37. The Accused Work is offered through Defendant's TikTok Shop storefront and is available for purchase by consumers in the United States.

38. The exterior cover artwork of the Accused Work differs from the exterior cover artwork of Plaintiff's Copyrighted Work.

39. Notwithstanding the different exterior cover design, the interior pages of the Accused Work contain textual and visual content that corresponds closely to the interior content of Plaintiff's Copyrighted Work.

40. Representative comparisons preserved by Plaintiff show corresponding interior pages containing substantially the same written content, illustrated characters and animals, graphic elements, and relative placement of those elements within the page.

41. As of the date Plaintiff preserved evidence of the Quiet Word Studio Store's TikTok listing, the product listing represented that approximately 1,300 units of the Accused Work had been sold.

42. The Quiet Word Studio Store separately represented that the storefront had completed approximately 20,600 total sales across its store, not limited to sales of the

Accused Work.

43. The foregoing figures are based on the Quiet Word Studio Store and product listing and are alleged according to the information displayed at the time Plaintiff preserved the evidence.

**C. Defendant's Copying of Plaintiff's Copyrighted Work**

44. The interior content of the Accused Work is substantially similar to Plaintiff's Copyrighted Work in protectable textual and visual expression. Representative side-by-side comparisons demonstrate corresponding written content, illustrations, character artwork, graphic elements, and page compositions, as described below.

**1. Textual Content**

45. Plaintiff's Copyrighted Work contains original written content throughout its interior pages, including explanatory passages, questions and answers, dialogue, and other educational text.

46. Corresponding pages of the Accused Work reproduce the same or substantially the same written passages, sentence structures, dialogue, and paragraph content appearing in Plaintiff's Copyrighted Work.

**2. Illustrations and Character Artwork**

47. Plaintiff's Copyrighted Work contains original two-dimensional artwork, including illustrated characters, animals, objects, decorative elements, and background graphics.

48. Corresponding pages of the Accused Work reproduce substantially similar illustrations and character artwork, including corresponding figures, poses, expressions, relative sizes, orientations, and surrounding graphic elements.

49. These similarities concern Plaintiff's particular artistic expression and the specific visual depiction and coordination of those elements, rather than generalized concepts such as children, animals, or educational illustrations standing alone.

**3. Page Layout and Composition**

50. Plaintiff's textual and visual content is arranged together in illustrated page compositions incorporating written passages, text boxes, illustrations, and decorative graphics.

51. Representative corresponding pages of the Accused Work reproduce substantially the same arrangement and relative positioning of these elements, including the placement of written content relative to illustrations and surrounding graphics.

**4. Overall Similarity**

52. The similarities are not limited to isolated passages or individual illustrations. Across representative corresponding pages, the Accused Work reproduces substantial portions of Plaintiff's textual and visual expression together with substantially corresponding page compositions.

53. Although the Accused Work uses a different exterior cover design, the interior pages contain extensive similarities to Plaintiff's Copyrighted Work.

54. Representative side-by-side comparisons of Plaintiff's Copyrighted Work and the Accused Work are attached hereto as Exhibit C.

**D. Defendant's Commercial Exploitation of the Accused Work**

55. Defendant has used the Accused Work to advertise and sell books commercially through the Quiet Word Studio Store.

56. Defendant's TikTok Shop listing makes the Accused Work available for purchase by consumers in the United States, including consumers located in California.

57. On August 19, 2026, Plaintiff purchased one copy of the Accused Work through the Quiet Word Studio Store for purposes of documenting Defendant's infringement.

58. Defendant accepted Plaintiff's order. TikTok Shop assigned the transaction Order No. 577531267390345877.

59. The order designated 5556 Ontario Mills Pkwy, Ontario, California 91764 as the shipping destination.

60. Defendant thereafter caused a copy of the Accused Work to be placed into the distribution stream for shipment to Ontario, California. The shipment was assigned Tracking No. 9200190394221716637662.

61. Plaintiff received the Accused Work shipped pursuant to the test purchase and preserved evidence concerning the product listing, purchase transaction, shipment, receipt, and the Accused Work itself.

62. Defendant has not received authorization, permission, or a license from Plaintiff to reproduce, copy, adapt, display, distribute, advertise, sell, or otherwise exploit the Copyrighted Work.

**E. Substantial Similarity and Unauthorized Copying**

63. The Accused Work is substantially similar to Plaintiff's Copyrighted Work in protected textual and visual expression.

64. The similarities identified above include corresponding written passages, illustrations, character and animal artwork, decorative graphics, and the coordination and arrangement of those elements within corresponding interior pages.

65. These similarities are not confined to isolated or commonplace elements. Rather, they appear repeatedly across representative corresponding pages and extend to substantial portions of the protected expression embodied in Plaintiff's Copyrighted Work.

66. The extensive correspondence between the Copyrighted Work and the Accused Work, including the reproduction of both textual content and original two-dimensional artwork, demonstrates copying of Plaintiff's protected expression.

67. Defendant reproduced, distributed, displayed, advertised, offered for sale, and sold the Accused Work without Plaintiff's authorization, permission, or license.

68. Defendant's unauthorized copying and commercial exploitation of the Accused Work infringes Plaintiff's exclusive rights under the Copyright Act.

## V. FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT

## 17 U.S.C. §§ 106 AND 501

69. Plaintiff repeats and realleges paragraphs 1 through 68 as though fully set forth herein.

70. Plaintiff owns valid copyrights in the Copyrighted Work, including the textual content registered under U.S. Copyright Registration No. TX0009604619 and the two-dimensional artwork registered under U.S. Copyright Registration No. VA0002490624.

71. Pursuant to 17 U.S.C. § 106, Plaintiff possesses the exclusive rights, among others, to reproduce the copyrighted work, prepare derivative works based upon the copyrighted work, distribute copies of the copyrighted work, and publicly display the copyrighted work.

72. Without Plaintiff's authorization, permission, or license, Defendant copied and reproduced protected textual and visual expression from Plaintiff's Copyrighted Work in the Accused Work.

73. Defendant further distributed, offered for sale, sold, and publicly displayed copies of the Accused Work through the Quiet Word Studio Store, including in connection with sales directed to consumers in the United States and California.

74. By engaging in the foregoing conduct, Defendant violated Plaintiff's

exclusive rights under 17 U.S.C. § 106 and infringed Plaintiff's copyrights within the meaning of 17 U.S.C. § 501.

75. Defendant's acts of infringement have caused and continue to cause injury to Plaintiff.

76. Defendant has received revenues, profits, and other commercial benefits attributable to its unauthorized exploitation of Plaintiff's copyrighted expression.

77. Plaintiff is entitled to recover its actual damages and Defendant's profits attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b), in amounts to be proven at trial.

78. Defendant's infringement is ongoing or threatens to continue unless restrained by this Court.

79. Plaintiff is therefore entitled to injunctive relief pursuant to 17 U.S.C. § 502.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIKBOOKS INC. respectfully requests that judgment be entered in its favor and against Defendant as follows:

A. Declaring that Defendant has infringed Plaintiff's copyright in the Copyrighted Work;

B. Preliminarily and permanently enjoining Defendant, and all persons acting in concert or participation with Defendant who receive actual notice of the injunction, from reproducing, copying, adapting, displaying, distributing,

advertising, marketing, offering for sale, selling, or otherwise exploiting the Copyrighted Work or any work substantially similar thereto in protected expression;

C. Ordering Defendant to cease the manufacture, importation, distribution, advertising, offering for sale, and sale of the Accused Work bearing the infringing textual and visual content;

D. Awarding Plaintiff its actual damages and the profits of Defendant attributable to Defendant's infringement pursuant to 17 U.S.C. § 504(b);

E. Awarding Plaintiff prejudgment and post-judgment interest to the extent permitted by law;

F. Awarding Plaintiff its costs and such attorneys' fees as may be available under applicable law;

G. Granting such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 10, 2026 Respectfully submitted,

/s/ Qin Li
Concord&Sage PC
1360 Valley Vista Dr Ste 140
Diamond Bar, CA 91765
Telephone: (858) 568-1696
liqin@concordsage.com

*Attorney for Plaintiff*